Joseph A. Sarafite, J.
This is a hearing on objections to a tentative decree fixing the award in this proceeding.
The major issue which the objectant raises is whether or not Matter of City of New York (E. 42d St. El. R. R.) (265 N. Y. 170 [1934]) is applicable to this proceeding. That holding (known as the Spur case) — as noted in the original decision of this court (50 Misc 2d 412) —laid down the standard for fixing damages for the loss of the easements of light, air, and access which were acquired by the railroad from the abutting owners. This was the standard the court applied in the instant proceeding in evaluating the amount of compensation awarded to the city for the restoration of these easements as a result of the demolition and removal of the elevated structure.
The objectant contends that the Spur case is not applicable to this proceeding, and even if applicable, that the city has failed to prove its case under the provisions of the authorizing statute. It is urged that the cases — Spur and the present proceeding — are distinguishable on their facts, and, further, that the precise issue here raised has never been ruled on by an appellate court.
The “ crucial distinction” — claims the objectant — between the two cases giving rise to this alleged novel question, lies in the nature of the ownership of the railroad. In Spur, the railroad ‘ ‘ was privately owned by the company that originally acquired and paid for the rights in question and paid taxes on these rights to the City ’ ’. In the instant proceeding, the city owned the railroad, having acquired same from the private operator in 1940. In 1955, when the structure was condemned, *416 the railroad was not an operating entity, its operation having previously been terminated. Consequently, it is argued that since the structure had only junk value, there was no property to condemn; that since the franchise was terminated by the city three months before condemnation, there was therefore “ no taking and no need of condemning the franchise.” Thus, ‘ ‘ neither the franchise nor the cost of removal of the * * * structure ” entitled the city to any award. In sum, as there was no condemned property susceptible of evaluation, the objectant contends that the instant proceeding should be dismissed as a matter of law or, in the alternative, if a value were fixed, the value must be nominal.
The distinction between Spur and the instant case is without merit. The right of the City of New York as owner to be compensated for the removal of the structure was mandated by the Legislature (L. 1955, ch. 657). The Legislature authorized the Board of Estimate ‘ ‘ to acquire by condemnation as an assessable improvement * * * the cost of acquiring, demolishing, and removing the structure, together with the value of the right to extinguish the impairment of the easements of light, air and access.” In furtherance thereof, it was provided that there shall not be assessed against the local area benefited thereby, in addition to the cost of demolition and removal, an amount greater than the value of the rights to impair the easements which the city shall acquire the rights to extinguish. The Board of Estimate thereupon by resolution fixed the area of assessment and apportioned the cost of the proceeding in three parts — one third each on the local area of assessment, the city, and the Borough of Manhattan. From a reading of the act it is clear that the statute contemplated compensation to the city as owner, and furthermore, that there was no condition precedent that the railroad was to be in actual operation as of the date of title vesting.
On the issue of ownership, in several cases subsequent to Spur, the city was in fact both the owner and condemnor of the railroad structure (see Matter of City of New York [Fulton St.], N. Y. L. J., March 7, 1942, p. 1012, col. 2; Matter of City of New York [Hudson Ave.], N. Y. L. J., March 7, 1942, p. 1012, col. 3; Matter of City of New York [Broadway], N. Y. L. J., March 7, 1942, p. 1012, col. 4; Matter of City of New York [3rd Ave., Bronx], N. Y. L. J., June 8,1961, p. 17, col. 2). The court, in each instance, followed the formula laid down by Spur in computing the award to the claimant city.
Next, as regards the contention that at the time of condemnation the railroad — having ceased operations — had only junk *417 value and therefore was not susceptible of valuation, the court in Spur commented on the fact that the spur line could not be operated except at a loss and it was deemed no longer necessary and convenient for public service. (Matter of City of New York [E. 42nd St. El. R. R.], 265 N. Y. 170, 182, supra.) It would seem then, that Spur and the present proceeding are not inapposite as objectant contends. Moreover, it was held in Matter of City of New York (6th Ave. El. R. R.) (265 App. Div. 200, 205-206) that the “ first essential question to be determined in fixing the value of property taken * * * is to ascertain whether the railroad was capable of profitable operation. If it was not, then the rule of damage indicated in [Spur] would be controlling.”
Turning now to objectant’s final contention that even if Spur is applicable, the city has failed to adduce proof of the cost of acquisition of the rights in question. The thrust of this argument is that if the Spur standard is applied, it is the cost to the claimant city of the acquisition of these rights in 1940 — when it purchased the structure —that is the measure of the award, rather than the cost of acquisition to the city’s predecessor in title (1888-1907,1913). It is urged that the standard ennuciated in Spur be disregarded because the city is terminating its own rights and if it is to be compensated, it is limited to its cost in acquiring them. This contention ignores the fact that when the city paid $164,008,000 for the railroad in 1940, it obviously became the owner of whatever the railroad then owned. There certainly is no question that included in what the railroad then owned was the value of the rights to impair easements originally acquired by the railroad. Furthermore, objectant offers no case authority to sustain its contention. Objectant’s argument also flies in the face of a long standing application of the Spur standard in similar proceedings. (See Matter of City of New York [Fulton St.], supra; Matter of City of New York [Hudson Ave.], supra; Matter of City of New York [Broadway], supra; Matter of City of New York [3rd Ave.-Bronx], supra.)
Accordingly, these and all other objections are overruled and the court directs the Corporation Counsel to enter a final decree setting forth the amounts of the awards as specified in the tentative decree.